# H. S. PECK, ASSIGNEE, v. CARROLL F. MACOMBER AND WIFE.

*Equity. Fraudulent appropriation of firm assets by partner.*

The defendant husband owned a half interest in the firm of W. H. & Co., housebuilders. Being desirous of erecting a house for a home, he and his wife procured $3,800, from their parents and raised a few hundred dollars from other sources. A lot was purchased in the name of the wife and a house erected thereon by the firm of W. H. & Co. The husband deposited with the firm to the credit of "House Account" the money procured by himself and wife. Subsequently the firm was transformed into a stock company, which became insolvent. This suit was brought by the assignee of the original firm to charge the said house and lot for the benefit of the creditors of that firm. *Held*, that, under the facts of this case, the action could not be maintained, it not appearing that the firm was insolvent at the time of the transaction, nor that the transaction was other than a legitimate one, nor that the cost of the house exceeded the amount deposited on that account by the defendants with what was due the husband from the firm by way of salary.

Bill in chancery brought by the orator as assignee of the firm of Walker, Hatch & Co., insolvents, against Carrol E. Macomber and wife, to charge certain real estate of the wife with the firm debts. Heard at the September term, 1890, upon pleadings and a master's report. Rowell, chancellor, dismissed the bill.

The orator appeals.

*H. S. Peck*, for the orator.

The husband could not withdraw from the firm assets and settle upon his wife the sums which went into the construction of this house. Such a transaction was a fraud upon the creditors of the firm.

*Graham* v. *Taggert*, 10 Cent. Rep. 94; *Saunders et al.* v.

Peck, Assignee *v.* Macomber and Wife.

*Reilly,* 105 N. Y. 12, 18; *Comstock* v. *Buchanon,* 57 Barb. 127; *McLane, Admr.* v. *Johnson et al.,* 43 Vt. 48; 5 Wait Act. 4 Def. 131; *Foster* v. *Foster,* 56 Vt. 540; *Church* v. *Chapin,* 35 Vt. 223; *Adams* v. *Blakely,* 107 Penn. 283.

*M. A. Bingham,* for the defendants.

The master's report does not find that the firm was insolvent, nor that the defendants supposed it to be insolvent, nor that there was any fraud in the transactions complained of. These were the affirmative allegations of the bill upon which the suit proceeded. Having been found against the orator, the suit was properly dismissed. *Thomas* v. *Warren,* 15 Vt. 110; *Barrett* v. *Sargent,* 18 Vt. 365.

The opinion of the court was delivered by

START, J. The orator, as assignee of the insolvent estate of Walker, Hatch & Co., seeks to charge certain real estate of the defendant Mary W. Macomber with the payment of an alleged indebtedness of the defendant Carroll E. Macomber to said insolvent estate. The bill goes upon the ground that the defendant, Carroll E. Macomber, knowing the firm to be insolvent, secretly and clandestinely withdrew from the assets of the firm upwards of three thousand dollars in money and two thousand dollars in stock and material *over and above his just due*; and appropriated the same to the sole use, benefit and advantage of himself and Mary W. Macomber in and about the purchase of said real estate and the erection of a dwelling house thereon; and that the creditors of the firm were, by means of such withdrawal of the assets of the firm, made to contribute to the profit and advantage of the defendants.

The findings of the master do not sustain these allegations. It appears that for some time previous to February 15, 1882, David Walker and D. Frank Hatch were partners, carrying on

the business of stair builders, and manufacturing and furnishing finished and dressed lumber for house building ; that on March 1, 1882, the defendant Carroll E. Macomber purchased a third interest in said business, and on or about January 1, 1883, acquired an additional one-sixth, so that he then had a half interest in the business ; and Walker and Hatch each retained a fourth interest in the business.

In the spring of 1884, the defendants were desirous of building a house for a home, and the father of Carroll E. Macomber and the father of Mary W. Macomber, desiring to aid in the construction of such house, loaned or advanced to the defendants $3,850 for that purpose, the defendants raising a few hundred dollars from other sources ; that on the 2nd day of May, 1884, the defendant Mary W. Macomber purchased the piece of land on which the house was subsequently built, and paid therefor $500, which she at that time received from her father; that between August, 1884, and June 11, 1885, the defendant Carroll E. Macomber deposited with the firm to his credit the sum of $4,138.29, and this sum was credited on an account, entitled, " House Account; " that the sum so deposited with the firm was largely made up of said sum of $3,880, received as aforesaid, and the money raised by the defendants from other sources to build said house ; that, from August, 1884, to January 1, 1886, there was charged to the defendant Carroll E. Macomber on the firm's ledger, $3,506.32, and the sums so charged were largely, if not wholly, for expenses incurred by the firm in and about the construction of a house on the lot so purchased.

It appears that another small piece of land was purchased, and the firm gave their check for $250 in payment therefor. It does not appear from the report whether the same was paid out of the money so deposited with the firm, or why the check was so given.

The master finds that a house was built on the lot so purchased ; that some of the labor and much of the material and

finishing for the same were furnished by the firm; that the entire cost of constructing the house was $4,948.54; that items amounting to $498.39, included in the cost of construction, were not furnished by said firm.

It further appears that on the first day of January, 1886, and after the house was completed, a stock company was formed by the members of the firm of Walker, Hatch & Co., with a capital stock of $50,000; and that all of the assets of the firm were transferred and assigned to the stock company.

The master fails to find that the firm was insolvent during the time the house was being buit, or that the defendants believed, or had reason to believe, that the firm was insolvent. The master also finds no intention on the part of either of the defendants to defraud the firm or their creditors.

It does not appear that the expense incurred by the firm in the building of the house was in excess of the sum the defendant Carrol E. Macomber was entitled to draw from the firm, on account of the sum so deposited, his salary and his share in the profits of the firm. It does not appear that Carrol E. Macomber was, at the time the assets of Walker, Hatch & Co. were transferred to the stock company, or is now, indebted to the firm of Walker, Hatch & Co., or that any loss has come to the creditors of that firm by reason of the building of the house.

The report shows an ordinary business transaction, entered into with the best of intentions. The defendant Carrol E. Macomber gave his whole time to the business of the firm and was entitled to a yearly salary of $625 and half of the profits of the firm.

The defendants, by the aid of their parents and from sources other than the assets of the firm, had accumulated some $4,138.29, with which they desired to secure a home. The firm of which the defendant Carrol E. Macomber was a member, was engaged in the business of furnishing materials for building. The defendants deposited their money with the firm, and under a

mutual arrangement between the partners, the firm contributed largely to the construction of the house, the cost of construction exceeding the sum so deposited by a few hundred dollars. Whether this balance has been paid by the services of the defendant Carrol E. Macomber and by his share in the profits of the firm does not appear.

No facts are found by the master which would justify a court of equity in making any sum a charge or lien upon the real estate of the defendant Mary W. Macomber.

*Decree affirmed, and cause remanded.*